**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PJM-18-363** |
| | * | |
| **DEVIN HELFIN,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ******* | |

## GOVERNMENT'S RESPONSE TO EMERGENCY MOTION
## TO REQUEST MODIFICATION OF SENTENCE

On March 16, 2020, the defendant filed an emergency motion to request modification of his sentence. For the reasons stated below, the government respectfully submits that the motion should be denied.

## Background

On September 17, 2019, the Court issued a judgment sentencing the defendant to one month of imprisonment to be served on consecutive weekends. *See* Judgment (ECF 67). The Court also sentenced the defendant to five years of supervised release, including five months of home confinement. The Court fashioned the weekend option for the sentence in order to accommodate the defendant's ability to retain his employment. Had the defendant not requested this accommodation, the defendant arguably would have already completed his one-month sentence months ago.

On November 25, 2019, the defendant filed a motion to modify his sentence asking to dispense with the requirement to serve one month of weekends in jail because his employer wanted to assign him weekend hours. *See* ECF 71. On December 12, 2019, the Court denied that motion. *See* ECF 74.

The defendant now again seeks to get out from the sentence previously imposed by the Court on the eve of his report date for his first weekend in jail on March 20, 2020 – this time because of COVID-19. *See* ECF 79. According to the defendant, up until this point, there was not sufficient bed space at the DC Jail for the defendant to report to begin serving his sentence.

## **Argument**

In his motion, the defendant seeks to have the court entirely vacate the incarceration portion of his sentence. The government respectfully requests that the Court deny the motion.

As an initial matter, the Court lacks jurisdiction to modify the sentence in this case. The defendant has cited no grounds under any statute, rule, or controlling case law, that gives the Court authority to modify the previously imposed prison sentence. The law closely guards the finality of criminal sentences against judicial "change of heart." *United States v. Layman*, 116 F.3d 105, 109 (4th Cir.1997); *see also, e.g., Johnson v. United States*, 544 U.S. 295, 309 (2005) ("[T]he United States has an interest in the finality of sentences imposed by its own courts."); *United States v. Fields*, 552 F.3d 401, 405 (4th Cir. 2009) ("Congress limited the reach of [ Federal Rule of Criminal Procedure 35, which governs sentence modification,] because it wanted to promote openness and finality in sentencing."); *United States v. Caraballo*, 552 F.3d 6, 9 (1st Cir. 2008) ("Finality is an important attribute of judgments and, typically, once a pronounced sentence in a criminal case becomes final and unappealable, it may not be modified."); *United States v. Abreu-Cabrera*, 64 F.3d 67, 73 (2nd Cir. 1995) ("As a result of Congress' desire to provide finality to sentencing, . . . [the district court may not act upon] second thoughts [regarding the severity of a defendant's sentence], no matter how well intentioned.").

Section 3582, which governs the imposition of federal prison sentences, embraces this principle, providing that a court's imposition of a term of imprisonment "constitutes a final judgment." 18 U.S.C. § 3582(b). This statute states that a district court "may not modify a term of imprisonment once it has been imposed" unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 expressly permits the court to do so. *Id.* § 3582(c); *see also United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) ("[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to [§ 3582's] general rule [barring modification].")

Moreover, in his motion seeking to have the Court vacate his period of incarceration, the defendant relies on the speculative prospect of a COVID-19 outbreak at the District of Columbia Jail (DC Jail), the facility designated for his period of incarcertation on weekends. Yet, neither the defendant nor any detainee at the DC Jail has been diagnosed with or exposed to COVID-19. Further, DC Jail continues to take precautionary measures to prevent transmission of COVID-19 into DC Jail. For example, DC Jail has suspended all non-attorney in-person visits, programming, and volunteer activities, and has enhanced cleaning efforts, especially within common areas. *See* https://doc.dc.gov/page/coronavirus-prevention. At this time, transmission of COVID-19 into DC Jail is hypothetical.

The defendant has already received a significantly below guidelines sentence with his one-month sentence and has had the opportunity to continue to work. As such, the government respectfully opposes any further reduction in the defendant's sentence. Should the defendant wish to serve his entire term of imprisonment at one time now by taking a leave of absence from work

in order to minimize the risk the defendant perceives from having to go in and out of the DC Jail each weekend, the government would not object to such a modification assuming the defendant's period of incarceration and term of supervised release remains unchanged.

## **Conclusion**

For the foregoing reasons, the Court should deny the defendant's second motion to modify his sentence.

Respectfully,

Robert K. Hur
United States Attorney

____/s/_____
Kristi N. O'Malley
Assistant United States Attorney